# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Clarence Frost et. al., <br><br> Plaintiffs, <br> v. <br><br> Lion Brand Yarn Company, <br><br> Defendant. | **DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> Case No. 24-CV-950 (KMM/LIB) |

Defendant LION BRAND YARN COMPANY, ("**LB**"), in response to the allegations and claims set forth in Plaintiffs' First Amended Class Action Complaint ("**Complaint**") states as follows:

## INTRODUCTION

1. LB denies the allegations in Paragraph 1.

2. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 2 and therefore denies them.

3. LB denies the allegations in Paragraph 3.

4. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 4 and therefore denies them.

5. LB denies the allegations in Paragraph 5.

## **PRELIMINARY FACTS**

6. The allegations set forth in Paragraph 6 of the Complaint are ones to which no response is required. To the extent that a response is required, LB states that the quoted content speaks for itself.

7. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 and therefore denies them.

8. The allegations set forth in Paragraph 8 of the Complaint are ones to which no response is required. To the extent that a response is required, LB states that the quoted content speaks for itself.

9. LB denies the allegations in Paragraph 9.

10. The allegations set forth in Paragraph 10 of the Complaint are ones to which no response is required. To the extent that a response is required, LB states that the quoted content speaks for itself.

11. The allegations set forth in Paragraph 11 of the Complaint are ones to which no response is required. To the extent that a response is required, LB states that the quoted content speaks for itself.

12. The allegations set forth in Paragraph 12 of the Complaint are ones to which no response is required. To the extent that a response is required, LB states that the quoted content speaks for itself.

13. LB denies the allegations in Paragraph 13.

14. LB denies the allegations in Paragraph 14.

15. LB denies the allegations in Paragraph 15.

## JURISDICTION AND VENUE

16. LB admits that Plaintiffs assert claims under the ADA but denies all other allegations in Paragraph 16.

17. LB denies the allegations in Paragraph 17.

18. LB denies the allegations in Paragraph 18.

## PARTIES

19. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 19 and therefore denies them.

20. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 and therefore denies them.

21. LB denies the allegations in Paragraph 21.

22. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 22 and therefore denies them.

23. LB admits that its website was first launched in 1996. LB states that it lacks sufficient knowledge to admit or deny the figures reported by semrush.com, that those figures speak for themselves, and LB denies all allegations in Paragraph 23 not specifically admitted.

## ADDITIONAL FACTUAL ALLEGATIONS

24. LB denies the allegations in Paragraph 24.

25. LB denies the allegations in Paragraph 25.

26. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 26 and therefore denies them.

27. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 27 and therefore denies them.

28. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 28 and therefore denies them.

29. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 29 and therefore denies them.

30. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 30 and therefore denies them.

31. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 31 and therefore denies them.

32. LB denies the allegations in Paragraph 32, including subparagraphs (a) through (d).

33. LB denies the allegations in Paragraph 33.

34. LB denies the allegations in Paragraph 34.

35. LB denies the allegations in Paragraph 35.

## CLASS ALLEGATIONS

36. LB denies the allegations in Paragraph 36.

37. LB denies the allegations in Paragraph 37.

## NUMEROSITY

38. LB denies the allegations in Paragraph 38.

39. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 39 and therefore denies them.

40. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 40 and therefore denies them.

41. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 41 and therefore denies them.

42. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 42 and therefore denies them.

43. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 43 and therefore denies them.

44. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 44 and therefore denies them.

45. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 45 and therefore denies them.

46. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 46 and therefore denies them.

47. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 47 and therefore denies them.

48. LB lacks sufficient knowledge to admit or deny the allegations in Paragraph 48 and therefore denies them.

49. LB denies the allegations in Paragraph 49.

50. LB denies the allegations in Paragraph 50.

## **TYPICALITY**

51. LB denies the allegations in Paragraph 51.

52. LB denies the allegations in Paragraph 52.

## COMMON QUESTIONS OF FACT AND LAW

53. LB denies the allegations in Paragraph 53, including subparagraphs (a) through (d).

54. LB denies the allegations in Paragraph 54.

## ADEQUACY OF REPRESENTATION

55. LB denies the allegations in Paragraph 55.

## CAUSES OF ACTION

### Violation of Title III of the ADA

56. LB denies the allegations in Paragraph 56.

57. LB states that the cited authority in Paragraph 57 speaks for itself and denies any allegations inconsistent with its plain language.

58. LB states that the cited authority in Paragraph 58 speaks for itself and denies any allegations inconsistent with its plain language.

59. LB states that the cited authority in Paragraph 59 speaks for itself and denies any allegations inconsistent with its plain language.

60. LB states that the cited authority in Paragraph 60 speaks for itself and denies any allegations inconsistent with its plain language.

61. LB states that the cited authority in Paragraph 61 speaks for itself and denies any allegations inconsistent with its plain language.

62. LB states that the cited authority in Paragraph 62 speaks for itself and denies any allegations inconsistent with its plain language.

63. LB states that the cited authority in Paragraph 63 speaks for itself and denies any allegations inconsistent with its plain language.

64. LB states that the cited authority in Paragraph 64 speaks for itself and denies any allegations inconsistent with its plain language.

65. LB denies the allegations in Paragraph 65, including subparagraphs (a) through (e).

66. LB denies the allegations in Paragraph 66.

67. LB denies the allegations in Paragraph 67.

68. LB denies the allegations in Paragraph 68.

69. LB denies the allegations in Paragraph 69.

## Violation of the MHRA

70. LB denies the allegations in Paragraph 70.

71. LB denies the allegations in Paragraph 71.

72. LB denies the allegations in Paragraph 72.

73. LB denies the allegations in Paragraph 73.

74. LB denies the allegations in Paragraph 74.

75. LB denies the allegations in Paragraph 75.

76. LB denies the allegations in Paragraph 76.

77. LB denies the allegations in Paragraph 77.

78. LB denies the allegations in Paragraph 78.

## PRAYER FOR RELIEF

LB denies Plaintiffs are entitled to any relief or remedy specified in the "WHEREFORE" clauses set forth in the Complaint, including subparagraphs (a) through (j) (and all further subparagraphs) alleged therein.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

LB denies all claims and allegations not unequivocally admitted herein. LB states the following affirmative and other defenses to the Complaint without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs. LB also reserves the right to amend its Answer and to assert such additional defenses that may become applicable during the course of this litigation.

### FIRST DEFENSE

The Complaint as a whole and the causes of action alleged therein fail to state a claim upon which relief may be granted or for which damages may be awarded under the applicable statutes.

### SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of mootness to the extent that the purported barriers have been or will be remediated at the time this action is finally adjudicated.

### THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute(s) of limitation.

## FOURTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred because the statutes alleged in the Complaint do not require accessibility to the Website at issue and/or to all portions of the Website at issue.

## FIFTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred because, even if the statutes alleged in the Complaint require accessibility, the absence of any defined standards for website accessibility having the force of law renders any determination of accessibility or inaccessibility subject to standards that are impermissibly vague and ambiguous and in violation of due process.

## SIXTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred because the barrier removal Plaintiffs seek is not "readily achievable," easily accomplishable, or able to be executed without causing LB undue hardship and/or fundamentally altering the nature of the Website at issue.

## SEVENTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred to the extent they rely on the contention that the Website at issue was designed in violation of the ADA, the Rehabilitation Act of 1973 ("**RA**"), or the Minnesota Human Rights Act ("**MHRA**"), because the foregoing laws and their respective implementing regulations do not address accessibility to websites.

## EIGHTH DEFENSE

At all times relevant to this action, LB acted honestly and in good faith to ensure full compliance with the ADA, RA, MHRA, and all other applicable federal, state, and/or local disability access and/or accommodation laws, to the extent readily achievable and/or required by law.

## NINTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred to the extent Plaintiffs lack standing to pursue such claims or receive the relief sought in the Complaint.

## TENTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred to the extent Plaintiffs never made any request for reasonable modifications of policies, practices, or procedures, or for the provision of auxiliary aids or services, as is required to pursue claims for LB's alleged failure to provide reasonable modifications or auxiliary aids or services.

## ELEVENTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiffs' claims are based.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' injury or injuries, if any, was or were caused by third parties acting outside the scope of agency, employment, or control of LB.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the operation of certain aspects of the Website at issue is subject to the control of third parties acting outside the scope of agency, employment, or control of LB.

### FOURTEENTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred by the doctrine of unclean hands by reason of Plaintiffs' conduct and actions.

### FIFTEENTH DEFENSE

This Court lacks personal jurisdiction over LB.

### SIXTEENTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred to the extent Plaintiffs' requested modifications of policies, practices, and procedures are not necessary to Plaintiffs' equal access to the portions of the Website at issue that operate as a place of public accommodation and/or are not reasonable modifications to Defendant's alleged policies, practices, or procedures.

### SEVENTEENTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiffs' use of the Website at issue.

11

### EIGHTEENTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred to the extent all or certain portions of the Website at issue are not a place of public accommodation or do not have a nexus to a place of public accommodation.

### NINETEENTH DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred by Plaintiffs' failure to state a clear and concise statement of the alleged claims, including, without limitation, Plaintiffs' failure to state a date or dates on which they allegedly encountered barriers on the Website at issue.

### TWENTIETH DEFENSE

Any allegedly wrongful acts or omissions performed by LB or its agents, if any, do not subject LB to liability because LB was ready and willing to accommodate Plaintiffs' alleged disabilities by providing access via alternative methods, but Plaintiffs never asked for or sought any assistance.

### TWENTY-FIRST DEFENSE

The Complaint as a whole and the causes of action alleged therein are barred to the extent that Plaintiffs' claims are subject to the doctrines of res judicata, claim preclusion, and/or collateral estoppel based on Plaintiffs' prior actions or litigation.

### TWENTY-SECOND DEFENSE

Plaintiffs' alleged injuries and damages, if any, were directly, proximately, and/or exclusively caused by Plaintiffs' own acts and omissions.

WHEREFORE, LB respectfully requests the Court to:

a.  Dismiss the Complaint in its entirety, with prejudice;

b.  Deny each and every demand, claim, and prayer for relief contained in the Complaint;

c.  Award LB the reasonable attorney fees and costs it incurs in defending this action; and,

d.  Grant LB such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of March 2025.

**JACKSON LEWIS P.C.**

By:  */s/ Jennifer S. Rusie*
Jennifer S. Rusie (*admitted pro hac vice*)
611 Commerce Street, Suite 2803
Nashville, TN  37203
Telephone: (615) 565-1661
jennifer.rusie@jacksonlewis.com

Jennifer Zwilling, MN Bar No. 03891
150 South Fifth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 359-1766
jennifer.zwilling@jacksonlewis.com

*Attorneys for Defendant*

4919-6964-5609, v. 1