**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| CLARENCE FROST ET AL., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 0:24-cv-00950-KMM-LIB |
| | ) |
| LION BRAND YARN COMPANY, | ) Judge Katherine M. Menendez |
| | ) |
| | ) Magistrate Judge Leo I. Brisbois |
| Defendant. | ) |

**DECLARATION OF JENNIFER S. RUSIE**

I, Jennifer S. Rusie, hereby state as follows:

1. My name is Jennifer S. Rusie. I am over the age of eighteen, and I have personal knowledge of the facts stated herein. I am competent to make the statements in this declaration.

2. I, along with attorney Jennifer Zwilling, represent Defendant Lion Brand Yarn Company in this case.

3. On November 10, 2025, I served Defendant's Responses to Plaintiffs' Interrogatories. Attached hereto as Exhibit 1 is a true and correct copy of these Responses. I profoundly apologized for the delay and noted that the responses are substantive and not merely objections, and stated that the responsive documents were forthcoming but needed to be bates labeled. I asked counsel for Plaintiffs if they would consider withdrawing the Motion to Compel once they received the documents. Attached hereto as Exhibit 2 is a true and correct copy of this correspondence.

4.      On November 12, 2025, I produced 660 pages of responsive documents, and again asked if the parties could discuss the pending Motion to Compel as it is now moot.  I also asked if Plaintiffs would withdraw the pending Motion to Compel.   Counsel for Plaintiffs responded "while we have not yet finished our analysis of the interrogatory answers you provided us, we have determined that what you provided is not sufficient. We have no intention of withdrawing the motion at this time." *Id.*

5.      I responded as follows:

As my client has responded to the discovery, the current motion is moot.  If you have issues with my client's responses, then you will need to meet and confer with me and file another motion.

I would really rather not waste your time, my time, the court's time, and my client's money on this moot matter.

*Id.*

6.      Counsel for Plaintiffs merely responded: "As I just told you, Jennifer, the motion is not moot." *Id.*

7.      Counsel for Plaintiffs did not provide any explanation as to why the motion was not moot, nor did counsel for Plaintiffs identify any deficiencies with Defendant's discovery responses.

8.      Counsel for Plaintiffs also did not accept my invitation to discuss the matter.

9.        On Friday, November 14, 2025, I again reached out to counsel for Plaintiffs in an attempt to discuss this matter and potentially resolve the pending Motion:

Hi all-

Please let me know if any of you are available to have a call today to discuss this matter.  Your MTC is based on my client's failure to respond to discovery at all (and I apologize for that); as my client has now responded, that MTC is moot.

If you have issues with my client's responses, we need to meet and confer about those issues and if we cannot resolve them, then you need to file a new MTC. I am very interested to hear what you find deficient about my client's responses—I certainly cannot alleviate that concern if you do not let me know. I really do not want to have to file a Response to the MTC and move the hearing to Zoom if we are able to work this out.

Please let me know ASAP.

Thanks,
Jennifer

10.       Later that same day, I sent counsel for Plaintiffs Defendant's Responses to Plaintiffs' Requests for Production of Documents and The Case For Aggressive Civility. Attached hereto as Exhibit 3 is a true and correct copy of Defendant's Responses to Plaintiffs' Requests for Production of Documents . I again attempted to avoid wasting the Court's time with an unnecessary hearing:

I have not heard from you about the MTC. I am attaching the actual responses to the RPDs. I am also attaching The Case For Aggressive Civility that the Court had us sign.

Please let me know at your earliest convenience if you will withdraw your MTC.

11.    Later that afternoon, I again reached out to counsel for Plaintiffs, urging them to withdraw the Motion to Compel, as counsel for Defendant could not appear remotely.

12.    Counsel for Plaintiffs responded as follows:

Hello Jennifer--we will be responding further on Monday, but as we have repeatedly indicated, we do not believe the motion is moot, and have no intention of withdrawing the motion at this time. If you have any authority standing the for proposition that the motion is somehow moot, please forward it to us immediately. Thankyou.

13.    While counsel for Plaintiffs had repeatedly indicated that they did not believe the Motion to Compel was moot, they never provided any explanation as to the basis of this belief.

14.    On November 16, 2025, I responded as follows:

Hi Pat-

A motion to compel is moot when one party seeks information and the other party provides it. I am attaching a couple of the many cases that hold as much. If the responding party has done what the motion to compel seeks—in this case, responses to interrogatories and RPDs—then there is nothing left for the court to compel. That is what makes it moot.

You have repeatedly stated that you do not believe that the motion is moot, but you have never explained why. As noted above, my client believes it is moot because they have provided what is being sought in the Motion to Compel you filed. Your clients' current Motion to Compel does not allege that my client's responses are deficient; rather, it alleges that they have not responded at all. Now that my client has responded, the motion asking the court to order my client to respond is moot.

If you believe that my client's responses are somehow deficient, you have to tell me so that we can fix the deficiencies. As I have noted previously, any alleged deficiencies regarding the responses are not the subject of the current Motion; however, despite this fact, my client stands willing to fully respond to your clients' discovery requests, but they cannot do so unless and until you meet and confer about such alleged deficiencies.

As you know, the Court wants the parties to try to work out any issues before going to the Court, and the Court also values civility. The civil thing to do in this situation is not to withhold information as to what your clients think is wrong with my client's responses, and to insist on moving forward with a motion that is moot, but to let me know what your clients are seeking.

Please let me know as soon as possible what issues you believe are still outstanding. I am imploring you to come to the table so we can resolve this issue without having to proceed to a hearing.
Thank you,
Jennifer

15.    I also attached this Court's opinion in *Hari v. Childress*, 2022 U.S. Dist. LEXIS 89889 (D. Minn. 2022), wherein the Court held that because the defendant had produced all responsive documents in its possession, custody and control, the motion to compel compliance was moot.  Counsel also attached this Court's opinion in *United States v. Gallegos,* 2021 U.S. Dist. LEXIS 243094 (D. Minn. 2021), wherein this Court held that "because the information requested has already been produced, this motion [to compel] is moot."   Counsel further attached this Court's opinion in *Linegar v. Lobanoff*, 2011 U.S. Dist. LEXIS 10343 (D. Minn, 2011), wherein this Court held that where a defendant had never refused to respond to discovery, and had in fact provided the information requested and were working to collect more responsive information, the plaintiff's motion to compel was moot as "there is nothing to compel." *Id.* at *2.

16.    Counsel for Plaintiffs still did not address the mootness issue that I repeatedly raised, but instead emailed me a discovery deficiency letter at 12:25 pm on November 17, 2025, and stated that "without meaningful supplementation, Plaintiffs intend to proceed with the November 18 motion to compel." *Id.*

17.    Later on November 17, 2025, I served Amended Responses to Interrogatories and Requests for Production that addressed some of the issues identified in the email from Plaintiffs' counsel.  Defendant also served a verification page for the Interrogatory responses and a number of additional documents.  Attached hereto as Exhibit 4 is a true and correct copy of Defendant's Amended Responses to Interrogatories.  Attached hereto as Exhibit 5 is a true and correct copy of Defendant's Amended Responses to Requests for

Production of Documents.  Attached hereto as Exhibit 6 is Defendant's Verification of Interrogatories.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2025.

/s/ Jennifer S. Rusie
Jennifer S. Rusie

4928-9664-3962, v. 1