**Rusie, Jennifer S. (Nashville)**

| | |
|---|---|
| **From:** | Jason Gustafson <jason@throndsetlaw.com> |
| **Sent:** | Monday, November 17, 2025 12:25 PM |
| **To:** | Rusie, Jennifer S. (Nashville); Pat Michenfelder; Tami Swenson; Zwilling, Jennifer (Minneapolis) |
| **Cc:** | Chad Throndset; Sherrell, Regan B. (Nashville); Bennett, Sabrina L. (Nashville) |
| **Subject:** | RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company |

Jennifer –

I write regarding Defendant Lion Brand Yarn Company's responses to Plaintiffs' First Set of Interrogatories and Requests for Production (served July 16, 2025), the associated document production "produced herewith," and Defendant's November 14, 2025, responses to document production. Defendant served its interrogatory responses on November 10, 2025, produced documents on November 12, 2025, and served responses to document production on November 14, 2025.

Upon review, the responses provided by Lion Brand Yarn Company contain numerous deficiencies, including extensive boilerplate objections, failure to provide full and specific information, insufficient identification or description of documents, improper cross-referencing to unspecified responses or productions, lack of factual detail, and unsupported invocations of privilege without a corresponding privilege log. These deficiencies violate the Fed. R. Civ. P. 26(b)(1), 33(b)(3)–(4), 34(b)(2), and D. Minn. LR 37.1, and indicate the likely need to proceed with the motion to compel discovery on November 18.

Interrogatory Deficiencies:

1. Defendants have waived the right to interpose any objections to the subject discovery requests under Fed. R. Civ. P. 33(b)(4)

2. Further, an evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond under Fed. R. Civ. P. 37(a)(4) and LR 37.1.

3. Here, Defendant repeatedly asserts nonspecific objections such as "over broad," "unduly burdensome," and "disproportionate to the needs of the case." These generalized objections violate Rules 26(g) and 33(b)(4), which require objections to be stated with specificity. Blanket objections without factual explanation fail to preserve the asserted grounds and are deemed improper boilerplate objection practices.

4. Interrogatory No. 2 – Use of Documents: The statement "None" conflicts with later references to "documents produced herewith" and to audits described in Interrogatory 6. Defendant must clarify what, if any, documents were reviewed or state affirmatively that no documents were used under oath.

5. Interrogatories Nos. 4, 6, 8, 9, 12: Defendant's incorporation of earlier responses ("see Interrogatory 4") is insufficient. Each interrogatory must be answered separately and fully.

Cross-referencing another interrogatory without restating responsive facts constitutes an evasive or incomplete response under Rule 37(a)(4).

6. Interrogatories Nos. 5, 7, 9–11, 13, 15: Defendant asserts boilerplate objections without explaining how the requests are broad or burdensome, contrary to Rule 26(b)(1)'s requirement for factual support.

7. Interrogatory No. 12 – WCAG Compliance: The reference to automated scanning tools without identifying the specific WCAG criterion or audit data supporting compliance is incomplete. Defendant must specify which WCAG version is claimed and provide the factual basis, including references to specific reports or testing data.

8. Additionally, Defendant asserts privilege/work-product only generically without describing what is withheld and why, or providing a privilege log.

9. Interrogatory No. 16 – Documents Identified in Rule 26 Disclosures: Defendant's answer "Please see documents produced herewith" does not identify the documents with particularity. Rule 33(d) requires that if records are produced in lieu of an answer, they must be identified in sufficient detail to enable the interrogating party to locate and identify responsive data.

10. Defendant's responses are also not signed under oath by the party, as required by Rule 33(b)(3)–(5). Only the attorney signed.

Document Production Deficiencies:

1. Several responses state only that "Defendant has produced all such non-privileged documents of which it is aware in its possession, custody and control" without further detail or description of the documents produced or withheld. These responses do not specify the documents by Bates number, description, or other means, which may make it difficult to verify whether production is complete or adequate.

2. For certain requests, Defendant objects to the request on various grounds (irrelevance, overbreadth, undue burden, etc.) and does not state whether any documents are being withheld or produced in part, resulting in unclear responses:
   a. RFP 6 (second part buried within RFP 5 response): Objection based on relevance without clarification of withheld or produced materials.
   b. RFP 10: Objection for overbreadth, burden, and proportionality, with no indication if any documents have been withheld or produced.
   c. RFP 12: Objection for overbreadth and privilege, with no clarity on production status.
   d. RFP 14: Objection for relevance with no indication about partial production, if any.

3. Defendant states "No responsive documents exist" for requests regarding training or education on accessibility and for complaints related to physical facilities, with the additional assertion that it does not own or control public accommodation facilities. These responses are clear as to nonexistence but do not elaborate on search efforts or methods used to determine this.

4. For RFP 7 and RFP 8, Defendant asserts it has produced all non-privileged documents known but does not describe the documents, whether any are being withheld on privilege, their relevance, or if a privilege log will be produced. For RFP 8, Defendant claims "no written policies exist" but states some other documents evidencing practices and procedures were produced, without describing their content or sufficiency.

5. For requests where Defendant claims attorney-client or work-product protection (e.g., RFP 12), Defendant does not identify the existence of responsive privileged documents, nor is there any indication of a privilege log, leaving unclear if documents have been withheld.

Further, the documents that were produced are riddled with deficiencies:

1. Failure to Link Specific Documents to Interrogatory Answers: Lack of a Clear System or Index Defendant repeatedly states "documents produced herewith" (e.g., in response to Interrogatories 6 and 16) without any index, Bates mapping, or linkage to the particular interrogatories, contrary to the discovery instructions requiring separate responses, segregation, and identification by the paragraphs to which they are primarily responsive and permitting marking/indexing when cross-referenced.

2. Failure to Link Specific Documents to Interrogatory Answers: Lack of a Clear System or Index Defendant repeatedly states "documents produced herewith" (e.g., in response to Interrogatories 6 and 16) without any index, Bates mapping, or linkage to the particular interrogatories, contrary to the discovery instructions requiring separate responses, segregation, and identification by the paragraphs to which they are primarily responsive and permitting marking/indexing when cross-referenced.

3. Absence of Key Documents (Audits, Complaint Logs, Training Materials): Despite requests concerning audits/testing and results, complaints/communications (including DOJ/regulators), and training/education materials, the responses either object without producing documents or refer generally to unspecified materials without identification; no Bates ranges or concrete results were provided. Plaintiffs' RFPs specifically seek these categories, including audits/evaluations, complaints/communications/feedback, and training documents.

4. Lack of a Privilege Log or Explanation for Withheld Documents: Where Defendant invokes privilege "to the extent" (e.g., Interrogatory 12), no privilege log has been provided identifying the information required by the discovery instructions (e.g., document identification, custodian, date, authors/recipients, basis for privilege).

5. Missing Narrative Context and Identification of Individuals Responsible for Responses: Interrogatory 1 requires identifying the persons who gathered/provided information tied to specific interrogatories; Defendant did not provide that linkage or full identifications, and multiple answers lack narrative context explaining how information was collected and by whom.

6. Failure to Produce Internal Policy Documents, Educational Materials, and Comprehensive Explanations of Processes: Interrogatory 9 and corresponding RFPs seek written policies/practices/procedures, coding/testing processes (including testing with Blind individuals), and implementation details; Defendant objected and referred to another interrogatory rather than producing or identifying responsive policies or providing the requested explanations.

7. Omission of Search Scope, Custodians, and Methodology Details: Defendant's responses do not describe the search conducted, custodians, locations/systems searched, date ranges, or search terms used, despite the Instructions imposing a duty to obtain and furnish all responsive information within Defendant's possession, custody, or control, including its representatives, employees, agents, servants, or attorneys.

8. No Statement of Completeness; No Notice of Categories Withheld, Lost, or Destroyed: Defendant has provided no statement that its production is complete, no identification of categories withheld on the basis of privilege with a compliant log, and no identification of documents lost or destroyed or no longer in its possession as required by the Instructions.

Given the above deficiencies, Plaintiffs request that Defendant promptly provide complete supplemental responses, a compliant privilege log, and a properly indexed document production. Without meaningful supplementation, Plaintiffs intend to proceed with the November 18 motion to compel.

Jason Gustafson
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (612) 889-0341



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Sunday, November 16, 2025 1:22 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi Pat-
A motion to compel is moot when one party seeks information and the other party provides it.  I am attaching a couple of the many cases that hold as much.  If the responding party has done what the motion to compel seeks—in this case, responses to interrogatories and RPDs—then there is nothing left for the court to compel.  That is what makes it moot.
You have repeatedly stated that you do not believe that the motion is moot, but you have never explained why.  As noted above, my client believes it is moot because they have provided what is being sought in the Motion to Compel you filed.  Your clients' current Motion to Compel does not allege that my client's responses are deficient; rather, it alleges that they have not responded at all.  Now that my client has responded, the motion asking the court to order my client to respond is moot.
If you believe that my client's responses are somehow deficient, you have to tell me so that we can fix the deficiencies.  As I have noted previously, any alleged deficiencies regarding the responses are not the subject of the current Motion; however,  despite this fact, my client stands willing to fully respond to your

clients' discovery requests, but they cannot do so unless and until you meet and confer about such alleged deficiencies.

As you know, the Court wants the parties to try to work out any issues before going to the Court, and the Court also values civility.  The civil thing to do in this situation is not to withhold information as to what your clients think is wrong with my client's responses, and to insist on moving forward with a motion that is moot, but to let me know what your clients are seeking.

Please let me know as soon as possible what issues you believe are still outstanding.  I am imploring you to come to the table so we can resolve this issue without having to proceed to a hearing.

Thank you,

Jennifer



**Jennifer S. Rusie**  (She/Her)
**Attorney at Law**

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Pat Michenfelder <pat@throndsetlaw.com>
**Sent:** Friday, November 14, 2025 6:36 PM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hello Jennifer – we will be responding further on Monday, but as we have repeatedly indicated, we do not believe the motion is moot, and have no intention of withdrawing the motion at this time. If you have any authority standing the for proposition that the motion is somehow moot, please forward it to us immediately. Thankyou.

Patrick W. Michenfelder, Esq.
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (763) 360-4434



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee

or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Friday, November 14, 2025 5:32 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi all-
Apparently the hearing cannot be remote, so I am going to have to fly up to Minnesota for this hearing—and I will be seeking my fees and costs as this motion is moot. I strongly urge you to withdraw this motion. As much as I like Minnesota in the late fall, I am not eager to visit.
Thanks,
Jennifer



## Jennifer S. Rusie  (She/Her)
### Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Friday, November 14, 2025 4:59 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi-
I have not heard from you about the MTC. I am attaching the actual responses to the RPDs. I am also attaching The Case For Aggressive Civility that the Court had us sign.
Please let me know at your earliest convenience if you will withdraw your MTC.
Thanks,
Jennifer



**Jennifer S. Rusie** (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Friday, November 14, 2025 12:22 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company
**Importance:** High

Hi all-
Please let me know if any of you are available to have a call today to discuss this matter.  Your MTC is based on my client's failure to respond to discovery at all (and I apologize for that); as my client has now responded, that MTC is moot.
If you have issues with my client's responses, we need to meet and confer about those issues and if we cannot resolve them, then you need to file a new MTC.  I am very interested to hear what you find deficient about my client's responses—I certainly cannot alleviate that concern if you do not let me know.  I really do not want to have to file a Response to the MTC and move the hearing to Zoom if we are able to work this out.
Please let me know ASAP.
Thanks,
Jennifer



**Jennifer S. Rusie** (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Pat Michenfelder <pat@throndsetlaw.com>
**Sent:** Wednesday, November 12, 2025 3:39 PM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B.

(Nashville) <<u>Regan.Sherrell@jacksonlewis.com</u>>; Bennett, Sabrina L. (Nashville) <<u>Sabrina.Bennett@jacksonlewis.com</u>>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

As I just told you, Jennifer, the motion is not moot.

Jason, let's talk when you complete your review.

Patrick W. Michenfelder, Esq.
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (763) 360-4434



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.

---

**From:** Rusie, Jennifer S. (Nashville) <<u>Jennifer.Rusie@jacksonlewis.com</u>>
**Sent:** Wednesday, November 12, 2025 3:28 PM
**To:** Pat Michenfelder <<u>pat@throndsetlaw.com</u>>; Tami Swenson <<u>tami@throndsetlaw.com</u>>; Zwilling, Jennifer (Minneapolis) <<u>Jennifer.Zwilling@jacksonlewis.com</u>>
**Cc:** Chad Throndset <<u>chad@throndsetlaw.com</u>>; Jason Gustafson <<u>jason@throndsetlaw.com</u>>; Sherrell, Regan B. (Nashville) <<u>Regan.Sherrell@jacksonlewis.com</u>>; Bennett, Sabrina L. (Nashville) <<u>Sabrina.Bennett@jacksonlewis.com</u>>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

H Jason-
As my client has responded to the discovery, the current motion is moot.  If you have issues with my client's responses, then you will need to meet and confer with me and file another motion.
I would really rather not waste your time, my time, the court's time, and my client's money on this moot matter.
Please let me know if we can discuss tomorrow because I will need to draft a Response to the MTC.
Thanks,
Jennifer

 **Jennifer S. Rusie**  (She/Her)

Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Pat Michenfelder <pat@throndsetlaw.com>
**Sent:** Wednesday, November 12, 2025 3:26 PM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Jennifer -- You just served your clients documents a moment ago, and we have not reviewed it yet. In addition, while we have not yet finished our analysis of the interrogatory answers you provided us, we have determined that what you provided is not sufficient. We have no intention of withdrawing the motion at this time.

FYI -- I am in the middle of a major project, and likely will not be able to respond further at this time. I have asked Jason form my firm to assist in the process and have already forward what you sent today to him. If our position on the motion changes, we will advise you.

Patrick W. Michenfelder, Esq.
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (763) 360-4434



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.

---

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Wednesday, November 12, 2025 3:19 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>

**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Pat-
Can you withdraw the MTC?
Thanks,
Jennifer



**Jennifer S. Rusie** (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Pat Michenfelder <pat@throndsetlaw.com>
**Sent:** Wednesday, November 12, 2025 3:18 PM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Thanks, Jennifer

Patrick W. Michenfelder, Esq.
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (763) 360-4434



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Wednesday, November 12, 2025 3:11 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi Pat-
Attached please find the responsive documents in this matter.  Please let me know if you want me to serve the responses to RPDs.  I can, but I thought you would be more interested in the docs.
Please also let me know if we can discuss.  I really do not want to have to file a response to the MTC stating that it is moot and then see if we can get the hearing next week on Zoom and then showing up and saying everything is moot.
Thanks,
Jennifer

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Monday, November 10, 2025 8:18 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>; Bennett, Sabrina L. (Nashville) <Sabrina.Bennett@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi Pat-
Attached please find the responses to Rogs.  I sincerely apologize for the delay.
As you can see, the responses are substantive and not just objections.  I am gathering the documents for the RPDs—they are in a google drive and I need to bates label them.  I should have them to you tomorrow.
Please let me know if you will withdraw your MTC once you get the documents tomorrow.
I am working on getting a counter, but as you can see from the discovery responses, my client is truly committed to maintaining the accessibility of the website, which is why they feel so strongly about their position.
Please let me know if you would like to discuss.
Thanks,
Jennifer



**Jennifer S. Rusie**  (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803

Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Pat Michenfelder <pat@throndsetlaw.com>
**Sent:** Wednesday, November 5, 2025 10:08 AM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi Jennifer – I'll have to see the responses before I can make any determination about withdrawing the motion. I have the authority to extend the settlement proposal we previously made until this Friday. Happy to chat about this one if you would like.

Pat


Patrick W. Michenfelder, Esq.
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (763) 360-4434



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.


**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Tuesday, November 4, 2025 7:37 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi Pat-

As I noted previously, my client is working on this and we should have documents to you by Friday.  If we can do that, can you withdraw your Motion to Compel?

Also, do you have a settlement demand?

Thanks,
Jennifer



**Jennifer S. Rusie**  (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Wednesday, October 29, 2025 11:56 AM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi Pat-

Thank you.  The prior delay was on me.  My client has the responses and is compiling the responsive documents, if any.  I will keep you posted—I know you have given us a ton of time already, but I would appreciate if we could get until the next Friday.

Thanks,
Jennifer



**Jennifer S. Rusie**  (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Pat Michenfelder <pat@throndsetlaw.com>
**Sent:** Wednesday, October 29, 2025 10:23 AM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>

**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi Jennifer – this represents my effort to meet and confer with you regarding your client's long-overdue discovery responses. If the responses are not received by the end of the week, we will proceed with a motion to compel.

Pat


Patrick W. Michenfelder, Esq.
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (763) 360-4434



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.

---

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Wednesday, October 8, 2025 1:07 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

I am so sorry. Will get these to you ASAP.




**Jennifer S. Rusie** (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Pat Michenfelder <pat@throndsetlaw.com>
**Sent:** Wednesday, October 8, 2025 1:05 PM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Please provide the responses at this time, Jennifer. I don't want to have to involve the Court. Thanks.

Pat


Patrick W. Michenfelder, Esq.
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (763) 360-4434



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.

---

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Sunday, September 21, 2025 6:33 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

I am still working on this. I apologize for the delay.



**Jennifer S. Rusie** (She/Her)
Attorney at Law

**Jackson Lewis P.C.**

611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Monday, September 15, 2025 4:15 PM
**To:** Pat Michenfelder <pat@throndsetlaw.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

I was bogged down in a trial last week and am still working on this.  I will get the responses to you by the end of the week. Thanks.

 **Jennifer S. Rusie**  (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Pat Michenfelder <pat@throndsetlaw.com>
**Sent:** Thursday, August 14, 2025 10:01 AM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Ok Jennifer


Patrick W. Michenfelder, Esq.
**THRONDSET MICHENFELDER, LLC**
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110
Cell: (763) 360-4434



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.

**From:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>
**Sent:** Wednesday, August 13, 2025 8:32 PM
**To:** Tami Swenson <tami@throndsetlaw.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Pat Michenfelder <pat@throndsetlaw.com>; Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>; Sherrell, Regan B. (Nashville) <Regan.Sherrell@jacksonlewis.com>
**Subject:** RE: Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Hi all-
Can we get a 30-day EOT on these responses? I am in the middle of a ton of depositions and a Preliminary Injunction hearing and an MSJ (and reviewing the furniture.com agreement!) and I don't think I can get you anything meaningful by Friday.
I appreciate it.
Thanks,
Jennifer



### Jennifer S. Rusie  (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
611 Commerce Street
Suite 2803
Nashville, TN 37203
Direct: (615) 565-1664 | Mobile: (615) 483-5702
Jennifer.Rusie@jacksonlewis.com | www.jacksonlewis.com

**From:** Tami Swenson <tami@throndsetlaw.com>
**Sent:** Wednesday, July 16, 2025 3:01 PM
**To:** Rusie, Jennifer S. (Nashville) <Jennifer.Rusie@jacksonlewis.com>; Zwilling, Jennifer (Minneapolis) <Jennifer.Zwilling@jacksonlewis.com>
**Cc:** Pat Michenfelder <pat@throndsetlaw.com>; Chad Throndset <chad@throndsetlaw.com>; Jason Gustafson <jason@throndsetlaw.com>
**Subject:** Clarence and Tammy Frost v. Lion Brand Yard Company - Plaintiffs' First Set of Interrogatories and Requests for Production of Documents directed to Lion Brand Yarn Company

Good afternoon,

Attached and served on you, please find Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.
Thank you.

Tami Swenson
Paralegal
**THRONDSET MICHENFELDER, LLC**
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6110



The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any. Thank you.