**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **CLARENCE FROST ET AL.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO:  0:24-cv-00950-KMM-LIB** |
| | ) | |
| **LION BRAND YARN COMPANY,** | ) | **Judge Katherine M. Menendez** |
| | ) | |
| | ) | **Magistrate Judge Leo I. Brisbois** |
| **Defendant.** | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant, Lion Brand Yarn Co., by and through its undersigned counsel, hereby submits the following answers and objections to the Requests for Production of Documents of Plaintiffs, as follows:

Each of the following responses is made subject to any and all objections as to competence, relevance or other grounds that would require exclusion of such statement if made by a witness present and testifying in court. Any and all such objections and grounds are expressly reserved and may be interposed at the time of the trial. To the extent any such answer contains or refers to matters otherwise protected from discovery by the work-product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged.

Except for the explicit facts stated therein, no incidental or implied admissions are intended. The fact that Defendant has answered any Request for Production of Documents or part thereof is not an admission or acceptance by Defendant of the existence of any facts set forth or assumed by such Request.

Defendant has not fully completed discovery or preparation for trial in this action. The responses herein and any documents produced are based only upon information presently available to Defendant and are given in a good faith effort to comply with Plaintiffs' requests. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional documents, add meaning to known documents, and/or establish entirely new factual conclusions and legal contentions with respect to documents currently in the possession or under the control of Defendant. The following responses, therefore, are given without prejudice to Defendant's rights to provide any information which may subsequently be discovered or determined to be relevant to the subject matter of this action.

## RESPONSES

1.      All Documents identified in/or referenced by you in your Responses to Plaintiff's Interrogatories.

**ANSWER:** Defendant has produced all such non-privileged documents of which it is aware in its possession, custody and control.

2.      All Documents you believe or suspect support the validity of the allegations in the Complaint.

**ANSWER:** Defendant has produced all such non-privileged documents of which it is aware in its possession, custody and control.

3.      All Documents that you believe or suspect support any defenses you claim to have to the allegations in the Complaint.

**ANSWER:** Defendant has produced all such non-privileged documents of which it is aware in its possession, custody and control.

4.      Documents sufficient to Identify and understand everything you are aware of that has been done to ensure that the Website is accessible to people who are Blind within the past five years.

**ANSWER:** Defendant has produced all such non-privileged documents of which it is aware in its possession, custody and control.

5.      All Documents constituting or evidencing all audits, assessments, or evaluations of the Website for accessibility to people who are Blind within the past five years.

**ANSWER:** Defendant has produced all such non-privileged documents of which it is aware in its possession, custody and control.

6.      All Documents constituting or evidencing complaints, lawsuits, communications, or feedback you have received concerning the accessibility of the Website to individuals who are Blind within the past five years.

**ANSWER:**  Defendant objects to this Request as it is not relevant to Plaintiffs' claims.

7.      All Documents constituting or evidencing anything done in response to any of the audits, assessments, evaluations, complaints and/or feedback described in your answers to Interrogatories 5 and 6 above.

**ANSWER:** Defendant produced all such non-privileged documents of which it is aware in its possession, custody and control.

8.    All Documents constituting or evidencing the policies, practices and/or procedures of Defendant, if any, employed to ensure that Website for accessibility to people who are Blind within the past five years.

**ANSWER:** No written policies exist.  Defendant has produced documents that evidence the practices and procedures of Defendant regarding website accessibility.

9.    All Documents constituting or evidencing any training or education provided by you and/or any individual or entity acting on your behalf to anyone with involvement in putting content on the Website concerning the Website's accessibility to people who are Blind within the past five years.

**ANSWER:** No responsive documents exist.

10.    All Documents constituting or evidencing any efforts Defendant undertakes to track or maintain records of customer demographics or similar customer-related metrics concerning the number and make-up of your customers and visitors to the Website, for example through internal surveys, tracking programs, direct observation, or other means. Include in your answer any such efforts that are related to Blind individuals and the results of any such efforts.

**ANSWER:** Defendant objects to this request as it is overbroad, unduly burdensome, and disproportionate to the needs of the case.

11.    All Documents concerning any contention you make that the Website conforms to any version of the Web Content Accessibility Guidelines (WCAG).

**ANSWER:** Defendant has produced all such non-privileged documents of which it is aware in its possession, custody and control.

12.    All Documents constituting or evidencing all communication you have had with anyone regarding the accessibility of the Website for people who are Blind.

**ANSWER:** Defendant objects to this request as it is over broad, unduly burdensome, and seeks information irrelevant to Plaintiff's claim. Defendant further objects to this request to the extent that it seeks information protected by the attorney-client and/or work product privileges.

13.    All Documents constituting or evidencing all customer or other complaints of which you are aware that concern accessibility at any of Defendant's Facilities. Include in your answer all lawsuits, whether in state or federal court, or DOJ enforcement actions, that concern ADA compliance at any place of public accommodation that you own, operate, or control.

**ANSWER:** Defendant objects to this request as it seeks information irrelevant to Plaintiff's claims.  Defendant further states that it does not own, operate or control any "Facilities" open to customers, nor does it own, operate, or control any places of public accommodation; as such, no responsive documents exist.

14.    Documents sufficient to determine Defendant's assets, liabilities and ability to pay for the remedial measures sought in the Complaint. These documents may include, but are not necessarily limited to, the three most recent years: complete tax returns with all schedules; balance sheets, income statements; profit and loss statements; accounts receivable; accounts payable; loan or credit applications and supporting documentation; financial statements; banking records; budgets; financial forecasts and/or projections; loan agreements; mortgages or other real-estate encumbrances; UCC filings or other personal property related security agreements or

encumbrances; and any bids, estimates or analysis related to the costs associated with the relief sought in the Complaint.

**ANSWER:** Defendant objects to this request as it seeks information irrelevant to Plaintiff's claims.

15. The "Documents concerning the accessibility of the website identified in Plaintiff's Complaint" referenced in Defendant's Rule 26 Initial Disclosures dated June 27, 2025.

**ANSWER:** Defendant has produced all such non-privileged documents of which it is aware in its possession, custody and control.

Respectfully,

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie, BPR No. 026009
Jackson Lewis, PC
611 Commerce Street, Suite 2803
Nashville, TN  37203
(615) 565-1661
Jennifer.rusie@jacksonlewis.com

*Attorney for Defendant*

### **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, I served a true and correct copy of the foregoing via email on the following:

Patrick W. Michenfelder (#0242007X)
Jason D. Gustafson (#0403297)
Chad A. Throndset (#0261191)
THRONDSET MICHENFELDER, LLC
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (763) 515-6100
pat@throndsetlaw.com
jason@throndsetlaw.com
chad@throndsetlaw.com

*Attorneys for Plaintiffs*

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie

4936-7704-7913, v. 1