**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Clarence Frost and Tammy Frost, *individually and on behalf of all others Similarly situated,* | Case No. 24-cv-950 (KMM/LIB) |
| Plaintiffs, | |
| v. | **ORDER** |
| Lion Brand Yarn Company, | |
| Defendant. | |

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Plaintiffs Clarence Frost and Tammy Frost's Motion to Compel, [Docket No. 51]. Following a motions hearing, the Court took Plaintiffs' Motion under advisement.

For the reasons discussed below, Plaintiffs' Motion to Compel, [Docket No. 51], is **GRANTED in part** and **DENIED in part**, as set forth herein.

## I.   Background

Lion Brand Yarn Company ("Lion Brand") is a producer of knitting and craft yarn. (Compl. [Docket No. 23] ¶¶ 22, 24). Lion Brand makes its products available on its website to those wishing to shop online. (Id. ¶ 24).

Tammy Frost enjoys knitting and has visited the Lion Brand website several times to look for yarn. (Id. ¶ 29). However, at least three times that she visited Lion Brand's website, the site conveyed non-sensical information to Ms. Frost's screen reader. (Id. ¶ 30). Whether on their own or together, the Frosts cannot navigate or understand Lion Brand's website, nor can they complete an online purchase. (Id. ¶ 31).

Automated and manual audits of the Lion Brand website confirmed the Frosts' description of their user experience of the site and the site's limited functionality with screen reader technology. (Id. ¶ 32). Despite these issues, the Frosts intend to access Lion Brand's website in the future to purchase Lion Brand's products. (Id. ¶ 33). However, for those with vision-related disabilities, Lion Brand's website is not accessible to the same degree it is for individuals who do not have similar vision impairments. (Id. ¶ 34).

The Frosts raise disability-discrimination claims under both federal and state law. In Count I, the Frosts allege that Lion Brand violates Title III of the ADA by failing to provide its website's content and services in a manner that is compatible with screen reading aids. (Id. ¶¶ 56–69). The Frosts specifically assert that Lion Brand's website is a place of public accommodation within the meaning of 42 U.S.C. § 12182(a). (Id. ¶¶ 25, 56). In Count II, the Frosts allege that Lion Brand's website violates the Minnesota Human Rights Act's prohibition on disability discrimination in the same ways. (Id. ¶¶ 70–78).

During the course of this action, the parties have engaged in discovery. Plaintiffs served upon Defendant their First Set of Interrogatories and Requests for Production of Documents on July 16, 2025. (Plf.'s Ex. A [Docket No. 53-1] at 10–15). Defendant failed to respond to any of these discovery requests, despite Plaintiffs granting them numerous extensions to meet the agreed-upon deadlines. (See gen., Plf.'s Mem. [Docket No. 53]). On November 4, 2025, after still receiving no response to their discovery requests, despite repeated attempts to obtain those responses, Plaintiffs filed the present Motion to Compel, [Docket No. 51].

Plaintiffs' Motion initially sought disclosures to all of Plaintiffs' discovery requests, which included Interrogatories Nos. 1–16, Requests for Production Nos. 1–15, and the production of all non-responsive, non-privileged documents including documents concerning the accessibility of

the website referenced in Defendant's Rule 26 initial disclosures. (See Plf.'s Mem. [Docket No. 52]).

The Court held a motions hearing regarding Plaintiffs' Motion to Compel on November 18, 2025. (Minute Entry [Docket No. 58]). During that motions hearing, it became apparent that the factual circumstances relevant to Plaintiffs' Motion had changed since Plaintiffs filed their Motion to Compel and that the parties would benefit from engaging in a supplemental meet and confer conference.[1] Thus, the Court ordered the parties to engage in a supplemental meet and confer regarding the issues remaining in Plaintiffs' Motion to Compel and to notify the Court as to the result of said meet and confer conference by no later than December 5, 2025. (Id.).

Plaintiffs filed a Joint Letter on December 5, 2025, on behalf of themselves and Defendant. (Letter [Docket No. 59]). The Letter indicated the only issues remaining with regard to Plaintiffs' Motion to Compel were Plaintiffs' requests for the identification of each person who gathered or provided information used to respond to the interrogatories and for which interrogatory(ies) that person gathered or provided information for (Interrogatory No. 1); identification of all documents Defendant referred to, referenced, or used in responding to Plaintiffs' discovery requests (Interrogatory No. 2); identification of any efforts to make content accessible before it is made available to users on Defendant's website (Interrogatory No. 5); and a detailed description of the entire factual basis Defendant believes supports any of its defenses to Plaintiffs' claims in the matter (Interrogatory No. 15). (Id.). However, the Letter stated that Defendant intends to supplement its answers to Interrogatories Nos. 1, 5, and 15, leaving only Interrogatory No. 2 in

---

[1] For example, Defendant filed its Memorandum in Opposition, [Docket No. 57], on November 17, 2025, one day before the motions hearing. (See Def.'s Mem. [Docket No. 57]). Defendant's counsel's declaration indicated Defendant had served its Responses to Plaintiffs' Interrogatories on November 10, 2025, and had stated its intention to serve responsive documents as soon as they were bates labeled. (Def.'s Decl. [Docket No. 57] ¶ 3). On November 12, 2025, Defendant produced 660 pages of responsive documents. (Id. ¶ 4). Plaintiffs, however, believed these responses were still insufficient. (Id. ¶ 12). On November 17, 2025, Defendant served its Amended Responses to Plaintiffs' Interrogatories and Requests for Production. (Id. ¶ 17).

dispute. (Id. at 2, 3; Plf.'s Ex. A [Docket No. 53-1] at 10, 12).[2] The Letter also stated that Plaintiffs had agreed to limit the scope of their document requests to confirmation or minimal index mapping identifying which documents respond to each of Plaintiffs' Requests for Production. (Letter [Docket No. 59] at 3). Defendant has since provided an index mapping for each Request for Production. (Id.).

## II.  Analysis

As observed above, Plaintiffs' Motion to Compel initially sought an Order of this Court compelling Defendant to provide disclosures for all of Plaintiffs' discovery requests, which included Interrogatories Nos. 1–16, Requests for Production Nos. 1–15, and the production of all non-responsive, non-privileged documents, including documents concerning the accessibility of the website, that were referenced in Defendant's Rule 26 initial disclosures. After the parties engaged in a supplemental meet and confer conference following the November 18, 2025, Motions Hearing, the parties informed the Court that only four issues remained in Plaintiffs' Motion to Compel. (See Letter [Docket No. 53]). Those issues were related to Plaintiffs' Interrogatories Nos. 1, 2, 5, and 15. (Id.). Although Defendant proffered that it intends to supplement its answers to Plaintiffs' Interrogatories Nos. 1, 5, and 15, Defendant failed to inform the Court as to whether it has actually supplemented its answers. Additionally, the issue of the sufficiency of Defendant's response to Interrogatory No. 2 still remains.

### A.  Standard of Review

In discovery matters, the Court is guided by Federal Rule of Civil Procedure 26(b)(1) which states:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to

---

[2] Defendant contends it has sufficiently answered Interrogatory No. 2 by asserting that all documents produced were "used." (Letter [Docket No. 59] at 3).

> the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

However, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action." Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir. 1999); see Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

The party seeking discovery bears the burden of making the threshold showing of relevance before the production of information is required. See e.g., Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). This threshold showing "is met if the information sought is relevant to the actual claims and defenses in the subject case. See e.g., Marco Techs., LLC v. Midkiff, No. 19-cv-2323 (PJS/LIB), 2020 WL 12442102, at *4 (D. Minn. Dec. 7, 2020), aff'd, 2021 WL 62471 (D. Minn. Jan. 7, 2021). But even when this threshold showing is meet, the "Court possesses considerable discretion in determining the need for, and form of, discovery[.]" Willis Elec. Co. v. Polygroup Trading Ltd., No. 15-cv-3443 (WMW/KMM), 2021 WL 568454, at *9 (D. Minn. Feb. 16, 2021) (quoting Rodriguez v. Riley, No. 19-cv-2707 (JRT/ECW), 2020 WL 4747610, at *2 (D. Minn. Aug. 17, 2020)).

### B. Plaintiffs' Interrogatories Nos. 1, 5, and 15

The Court first considers Defendant's responses to Plaintiffs' Interrogatories Nos. 1, 5, and 15. But this issue requires little substantive discussion because Defendant has agreed to produce supplemental answers to Plaintiffs' Interrogatories Nos. 1, 5, and 15, which requests the identification of each person who gathered or provided information used to respond to the interrogatories and for which interrogatory(ies) that person gathered or provided information for

(Interrogatory No. 1); identification of any efforts to make content accessible before it is made available to users on Defendant's website (Interrogatory No. 5); and a detailed description of the entire factual basis Defendant believes supports any of its defenses to Plaintiffs' claims in the matter (Interrogatory No. 15). (Plf.'s Ex. A [Docket No. 53-1] at 10, 12). Defendant has agreed to supplement its answers, and therefore, Defendant must produce those supplemental answers.

It is not, however, evident from the record whether Defendant has actually produced the supplemental answers to Plaintiffs' Interrogatories Nos. 1, 5, and 15. The record now before the Court lacks any affirmative indication that Defendant has supplemented its answers. Defendant has had sufficient time to produce the responsive materials.

Therefore, to the extent Plaintiffs' Motion to Compel seeks an Order of this Court directing Defendant to provide the agreed upon supplemental answers to Plaintiffs' Interrogatories Nos. 1, 5, and 15, Plaintiffs' Motion to Compel, [Docket No. 51], is **GRANTED in part**. To the extent Defendant has not yet produced the information responsive to Plaintiffs' Interrogatories Nos. 1, 5, and 15, as Defendant has agreed to do, Defendant must do so as soon as practicable and in any event by no later than fourteen (14) days from the date of this Order. To the extent Plaintiffs' Motion sought other relief regarding Plaintiffs' Interrogatories 3, 4, 6–14, and 16; Plaintiffs' Requests for Production Nos. 1–15; and Defendant's Rule 26 initial disclosures, Plaintiffs' Motion to Compel, [Docket No. 51], is **DENIED as moot**.

### C. Plaintiffs' Interrogatory No. 2

This leaves for the Court's consideration the one remaining issue in Plaintiffs' Motion to Compel—Defendant's response to Plaintiffs' Interrogatory No. 2:

> **Interrogatory No. 2:** Please Identify all Documents you referred to, referenced, or used in any way in responding to Plaintiff's Discovery Requests in this case.

6

> **Response:** By definition, Defendant "used" all documents produced
> in this matter to respond to Plaintiff's Discovery Requests.

(Def.'s Decl. [Docket No. 57-1]).

Plaintiff argues that Defendant's response of "all produced documents were used" is "conclusory and evasive" and "fails to meet the specificity required by Rule 33." (Letter [Docket No. 59] at 2). In response, Defendant argues this Interrogatory "does not request that it identify which documents were used to respond to any specific request and as all documents produced were produced pursuant to Plaintiff's discovery requests, all documents produced were 'used.'" (Id. at 3). Defendant additionally asserts that if Plaintiffs were to propose a "more specific interrogatory," then Defendant would respond. (Id.).

Plaintiffs' Interrogatory No. 2 as initially drafted sought a list of documents relied on, referenced, or used in any way to respond to <u>all</u> discovery requests. (Id.).[3] However, in the meet and confer Letter submitted to the Court, Plaintiffs now include additional details that specify or narrow what Interrogatory No. 2 principally seeks. Plaintiff specifically now states they are seeking a "specific mapping or list of key documents relied upon for interrogatory responses" so they can "ensure clarity and avoid inference." (Id. at 2).

This leaves the Court to consider whether or not Defendant needs to produce a list or indexing of all documents they relied on or even referenced in any way in responding to Plaintiffs' Interrogatories.

---

[3] Although not a model of clarity, Plaintiffs' Interrogatory No. 2 as originally drafted could be read to imply that it was requesting the identification of all documents relied on, referenced, or used in any way in answering only Plaintiffs' <u>Interrogatories</u>, not all discovery requests. This implication is evidenced by the separate discovery dispute regarding Plaintiffs' Requests for Production, which resulted in a negotiated resolution where Defendant would identify which documents respond to each of Plaintiffs' Requests for Production. (Letter [Docket No. 59] at 3). Plaintiffs' clarification in the Letter now further illustrates that Interrogatory No. 2 is referring <u>only</u> to the documents Defendant relied on, referenced, or used in any way in responding to Plaintiffs' <u>Interrogatories</u>.

Defendant's response to Plaintiffs' Interrogatory No. 2, "all documents produced were used," ultimately amounts to an inartful objection to vagueness and overbreadth. While it is more than likely true that all the documents Defendant produced pursuant to Plaintiff's Rule 34 request were at least reviewed prior to answering Plaintiffs' Interrogatories, it is not as likely true that all documents reviewed were "relied" on in preparation of Defendant's interrogatory responses. However, Plaintiffs are entitled to know which documents were relied on and for which specific interrogatory response in order to ensure clarity. See Hemmingsen v. Messerli & Kramer, P.A., No. 09-cv-1384 (DSD/AJB), 2010 WL 11537452 (D. Minn. May 12, 2010) (compelling defendants to specify all documents referred to or consulted by defendants in answering all discovery requests instead of generally referencing a "collection file"); see also Murphy v. Piper, No. 16-cv-2623 (DWF/BRT), 2017 WL 11885690 (D. Minn. Aug. 21, 2017), aff'd sub nom. Murphy by Murphy v. Piper, No. 16-cv-2623 (DWF/BRT), 2017 WL 5633096 (D. Minn. Nov. 22, 2017) (compelling defendant to disclose and produce documents referred to or relied upon by defendant to answer any interrogatory).

Therefore, Plaintiffs' Motion to Compel Discovery, [Docket No. 51], is **GRANTED in part**, to the extent Interrogatory No. 2 seeks an Order of this Court compelling Defendant to identify all documents it relied upon in crafting responses to Plaintiffs' Interrogatories and for which Interrogatory response.

Plaintiffs' Interrogatory No. 2, however, to the extent it requests a list of documents that Defendant, or anyone on its behalf, even "referenced" in any way is too broad and seeks both irrelevant and potentially protected information. Identification of the documents that were only "referenced" but not actually used by Defendant to prepare an interrogatory response to Plaintiffs' Rule 33 discovery may reveal Defense counsel's mental impressions and/ or legal strategies.

Whelan v. Golden Shovel Agency, LLC, No. 14-cv-365 (MJD/LIB), 2015 WL 13632433, *7 (D. Minn. May 1, 2015) ("identification of the documents Defense counsel elected to review to prepare responses to Plaintiff's interrogatories may reveal Defense counsel's mental impressions and/or legal strategies."). Moreover, documents that were only reviewed but did not themselves provide the basis or content for Defendant's interrogatory responses would not be relevant to Plaintiffs' Interrogatory No. 2 request as it now stands before the Court.

Plaintiffs' request that Defendant identify all documents including those merely reviewed or referenced but not used in any way to prepare Defendant's responses to Plaintiffs' Interrogatories is overbroad. Therefore, Plaintiffs' Motion to Compel Discovery, [Docket No. 51], is **DENIED in part**, to the extent Interrogatory No. 2 seeks an Order of this Court compelling Defendant to identify all documents merely referenced but not used in preparing Defendant's actual Interrogatory responses.[4]

## III.  Conclusion

For the foregoing reasons, and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.  Plaintiffs' Motion to Compel, [Docket No. 51], is **GRANTED in part** and **DENIED in part**, as set forth above.


Dated: December 31, 2025                             s/ Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     U.S. MAGISTRATE JUDGE

---

[4] This does not mean that documents reviewed but not used in preparing interrogatory responses may be excluded from production by Defendant pursuant to Plaintiff's Rule 34 requests. Plaintiffs' Interrogatory No. 2 seeks the identification of documents used in preparing interrogatory responses and a linking or indexing of such documents to the interrogatory response for which they were used. Other documents relevant to a claim or defense, reviewed but not relied on for Rule 33 responses, would still be produceable in response to Rule 34 requests unless privileged.